Filed 6/26/24  P. v. Grigs CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMES RILEY GRIGS,<br><br>    Defendant and Appellant. | D082707<br><br><br>(Super. Ct. No. SCS322399) |

APPEAL from an order of the Superior Court of San Diego County, Garry G. Haehnle, Judge.  Affirmed.

Charles Thomas Anderson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

James Riley Grigs appeals from a restitution order following his guilty plea to second-degree burglary.  His appointed counsel filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We informed Grigs of his right to personally file a brief, and he has not done

so. Based on our independent review of the record, we find no reasonably arguable appellate issues and affirm.

I.

On May 20, 2022, an amended complaint was filed charging Grigs with second-degree burglary (Pen. Code, § 459; count 1) and grand theft (Pen. Code, § 487, subd. (a); count 2). The complaint further alleged that Grigs had been convicted of two prior strikes (Pen. Code, § 667, subds. (b)-(i); § 1170.12), and that the prior strikes required any sentence to be served in state prison (Pen. Code, § 1170, subds. (f) & (h)(3)).

On August 10, 2022, Grigs pleaded guilty to the second-degree burglary count in exchange for dismissal of the remaining count and allegations. In pleading guilty, Grigs admitted he entered "a locked commercial business with the intent to take property of another worth $950 and [permanently] deprive the owner of that property[.]" Grigs also initialed and signed a felony advisement of rights and consequences plea form guilty.

Pursuant to the plea agreement, the trial court sentenced Grigs to two years in state prison. The remaining count and allegations were dismissed. The court set victim restitution for a future hearing, for which Grigs waived his presence.

At the contested hearing on July 11, 2023, the People requested $56,500 in victim restitution. The $56,500 amount consisted of $52,000 for stolen property, $2,000 for lost wages or lost profits, and $2,500 for therapy sessions. In support, the People provided a list of 74 items stolen during the burglary with printouts of online sale prices for the stolen items.

The victim also testified at the hearing regarding the requested restitution. He stated the stolen items included personal and business property. He explained he created the list of stolen items by watching a video

2

of the burglary and documenting what items were carried out of his business. He believed the overall amount requested was "light" and would not cover the losses completely.

On July 14, 2023, the trial court ordered Grigs to pay $56,500 in victim restitution jointly and severally with Grigs' co-defendant.

On August 31, 2023, Grigs filed a notice of appeal stating he was appealing from the restitution order. Grigs did not request a certificate of probable cause.

II.

Grigs' appellate counsel has filed a brief pursuant to *Wende* and *Anders*, setting forth a statement of the case and statement of facts, urging no grounds for reversal of the judgment, and asking this court to independently review the record for error. Pursuant to *Anders*, counsel identifies the following issue to assist the court in its search of the record for error: Did the trial court abuse its discretion in setting the amount of victim restitution?

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Grigs on this appeal.

III.

The judgment is affirmed.

CASTILLO, J.

WE CONCUR:

BUCHANAN, Acting P. J.

KELETY, J.

3